Frank A. Logan and Margaret S. Logan v. Commissioner.
Logan v. Commissioner
Docket No. 2887-67.
United States Tax Court
T.C. Memo 1969-103; 1969 Tax Ct. Memo LEXIS 191; 28 T.C.M. (CCH) 554; T.C.M. (RIA) 69103; May 20, 1969, Filed *191 Frank A. Logan, pro se., 504 Kentucky Home Life Bldg., Louisville, Ky. Aleksandrs V. Laurins and Frederick W. Kreig, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: In its opinion filed on December 26, 1968, the Court directed that decision be entered under Rule 50. 51 T.C. at p. 488. Both parties have filed computations pursuant to this direction. As a result of the Court's decision, $4,000 of the amount received by petitioner Frank A. Logan (hereinafter "petitioner") in 1961 should be reported as ordinary income, and both computations so provide. Of this amount, $81.14 was reflected as ordinary income on the petitioners' 1961 return, so that an adjustment of $3,918.86 is required. The Court also decided that petitioner's basis for his partnership interest at the time of the sale was measured by the basis of 555 the property he originally contributed to the partnership less one-half of the liabilities of petitioner assumed by the partnership ($5,904.36), plus the excess of petitioner's share of profits over amounts withdrawn from the partnership ($6,014.50), less an amount of $660.25, representing the decrease in the amount *192 of the partnership liabilities at the time of the sale of petitioner's interest from the amount of such liabilities at the inception of the partnership. See 51 T.C. at p. 487. Thus, petitioner's basis at the time of sale was found to be $11,258.61. See 51 T.C. at p. 484. Petitioner received $21,089.75 for his partnership interest, consisting of $18,000 in cash (of which $10,000 was his share of unbilled fees) and $3,089.75 by way of assumption of his share of the partnership liabilities at the time of the sale. The $10,000 (which included the $4,000 received in 1961) is ordinary income. The balance of $11,089.75 is applied against the basis of $11,258.61, producing a capital loss of $168.86 in 1961. Apparently for the purpose of a capital loss carry-forward to post-1961 years (since he had already utilized a $1,000 loss from the sale of other capital assets in 1961), petitioner disputes this determination of his 1961 capital loss and seeks to increase such loss by $2,500. This amount consists of one-half of $5,000, which sum represented the portion of petitioner's liabilities which were assumed at the inception of the partnership ($7,500) and which were *193 still extant and therefore included in the $6,179.51 liabilities of the partnership at the time of sale. He argues that, since the original basis of his partnership interest was reduced by one-half of the $7,500, the inclusion of the $2,500 constitutes a double counting of the same item. The fallacy in petitioner's reasoning is that he correlates his one-half share of the liabilities of the partnership from which he is being completely relieved at the time of sale with his one-half share of his liabilities assumed at the inception of the partnership, for which, for tax purposes, he was considered no longer responsible (and therefore produced an actual reduction in his basis). In point of fact, his share of the partnership liabilities from which he is being so relieved at the time of sale should be correlated with his share of his liabilities assumed at the inception of the partnership, for which he continued for tax purposes, to be considered responsible (and therefore did not result in an actual reduction of his basis). Petitioner, by attempting to reduce the amount received at the time of sale, is simply seeking to accomplish the same result as he sought unsuccessfully in trying, *194 in the first instance, to persuade the Court to increase his basis by one-half the amount of liabilities of the partnership at the time of sale. Decision will be entered in accordance with respondent's computation.